## DE FORD v. HYDE.

Complaint to enforce contract of vendor, made as part of his contract of sale, that he would repurchase at the end of two years, should the purchaser then desire to sell, sufficiently alleges title as against demurrer, by stating that plaintiff performed every condition of the contract on his part, and prior to commencement of action, on a certain day, duly tendered to defendant a warranty deed, in fee simple, duly executed; Comp, Laws, § 4927, providing that, in pleading performance of conditions precedent in a contract, it is enough to state generally that the party duly performed all the conditions on his part.

(Opinion filed Dec. 21, 1897.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action to enforce the specific performance of a contract to purchase real property. Plaintiff had judgment and defendant appeals. Affirmed.

The facts are stated in the opinion.

*D. W. March,* for appellant.

The complaint is defective, because it contains no allegation of title in plaintiff. Freeman v. Stokes, 12 Phila. (Pa.) 219. Material allegations are not to be inferred from doubtful or obscure language. Campbell v. Jones, 38 Cal. 509; Joseph v. Holt, 37 Id. 255; Green v. Palmer, 15 Cal. 412; Aultman v. Siglinger, 2 S, D, 446.

*Horner & Stewart,* for respondent.

"When the vendor plaintiff alleges that he is able, ready and willing to convey the title and tenders a conveyance, the purchaser must either aver that the vendor has no title or if the title is defective must point out the defects that they may be remedied." Logan v. Bull, 78 Ky. 607.

FULLER, J. Plaintiff obtained judgment in this action to enforce specific performance of two contracts to purchase real property, and the defendant appeals. Respondent, in his brief, makes the following accurate statement of the essential facts: "In the year 1890 the plaintiff, a nonresident of the state of South Dakota, made two purchases of lots in the city of Pierre, South Dakota, of the defendant, Charles L. Hyde. These two purchases were each of two lots, and at the time of making said purchases, and as a part of the contracts of purchase, and in consideration of the plaintiff so purchasing said lots, defendant, Charles L. Hyde, entered into two written agreements, wherein and whereby he agreed to repurchase the said lots at the end of two years from the date of purchase of the plaintiff, for the amounts of purchase money paid to him by the plaintiff, with 8 per cent. interest, should the plaintiff, at the end of two years, desire to sell. In 1892, at the time these contracts to repurchase matured, the plaintiff notified the defendant that he desired to sell in accordance with the terms of the contracts; but at the request of the defendant, and in consideration of the defendant paying up the interest until the date of maturity, the contracts were renewed by the plaintiff for two years longer. At the expiration of the two-year period of renewal, the plaintiff again notified the defendant of his desire to sell and dispose of the lots in accordance with and according to the terms of the contracts, and tendered to the defendant good and sufficient warranty deeds to said premises; but the defendant refused to purchase, or to carry out the terms of the contracts,"

Upon the theory that respondent failed to allege that he was, at the commencement of the suit, the owner of the property, appellant demurred to the complaint, and his first assignment of error directs our attention to an order overruling the same. Although this arrangement, obviously designed to promote a sale of town lots, is, when consumated, similar to the rescission of a contract by the written consent of the parties, and appellant's refusal to refund the purchase price, with interest, might, under Comp. Laws, § 3591, render an offer of strict restoration on the part of respondent not essential to a recovery, we regard the traversable averments of the complaint as sufficient to justify the admission of evidence to prove willingness and ability on the part of respondent to reinvest appellant with all formal title to the property in question. Paragraph 6 is as follows: "That this plaintiff has performed every condition of said contract on his part, and prior to the commencement of this action, and on or about the 3d day of April, 1895, duly tendered to the defendant a warranty deed, in fee simple, to said premises, duly executed and acknowledged to entitle the same to be placed on record, and made with the usual covenants of warranty, and with the release of all rights of title and homestead by the plaintiff's wife." Section 4927 of the Compiled Laws provides that, "in pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance; but it may be stated generally that the party duly performed all the conditions on his part." Moreover, it is admitted in appellant's answer that prior to the commencement of this suit, and within the specified time, respondent tendered him a properly executed deed of the premises, in fee simple, with the usual covenants of warranty, releasing, in due form, all homestead right thereto and title therein, and that appellant thereupon refused, and still refuses, to accept such deed, or pay to respondent the amount stipulated and agreed upon in his contract, or any part thereof. Under the circumstances of this case, any defect of

title occasioned by the unwarranted act or omission of respond-ent should have been pleaded as a matter of defense. A regardful consideration of all assignments of error urged by counsel for appellant leads us to the conclusion that the record presents no reversible error. The judgment of the trial court is affirmed.