### STENSON et al. v. ELFMANN et al.

Under Code Civ. Proc. § 130, authorizing a reply when the answer contains new matter constituting a counterclaim, and authorizing the court, on motion of defendant, to require a reply to new matter constituting a defense by way of avoidance, a reply is not permissible except to a counterclaim, unless the court on motion of defendant requires a reply to the defense interposed, and a plaintiff suing a husband and wife for specific performance of a contract to convey real estate has not the right to file a reply setting up matters of estoppel, where the answer was a general denial and a defense not constituting a counterclaim.

The court in considering the objection to a complaint that it does not state facts sufficient to constitute a cause of action must assume the truth of the facts alleged.

Where the complaint in a suit to compel specific performance of a contract to convey real estate alleged part performance by the purchaser and his entry into possession and the making of valuable improvements, the objection to the complaint on the ground that it failed to allege what improvements were made and the value thereof did not justify a decision that the complaint did not state a cause

of action, but the remedy was by motion requiring the making of the allegations more definite and certain.

Civ. Code, § 1311, providing that no agreement for the sale of real estate is valid unless in writing, but that this does not abridge the power of the court to compel specific performance of an agreement in case of part performance, recognizes as a part of the law of the state the rule that an oral contract accompanied by part performance is enforceable, and the court will enforce an oral contract where there has been a partial performance by the purchaser by paying a part of the price, taking possession, and making valuable improvements.

Where a contract for the sale of real estate of husband and wife was signed by the husband alone, though the wife was mentioned in the body thereof, and they delivered possession to the purchaser, and both received a part of the price and knew that the purchaser was making valuable improvements on the property, the contract was enforceable as against the wife, notwithstanding the statute of frauds.

A contract for the sale and purchase of real estate definitely describing the land as in a section, excepting two acres in a corner of the tract, to be definitely located at or before the execution of the deed, sufficiently describes the land to be sold to authorize specific enforcement of the contract.

Under Code Civ. Proc. § 139, providing that, in pleading performance of conditions precedent in a contract, it may be stated generally that the party duly performed the conditions, a purchaser in a contract for the sale of described real estate in a section excepting two acres in a corner thereof to be definitely located at or before the execution of the deed, who in a suit for the specific performance of the contract alleges that he had within the time required performed all the conditions of the contract incumbent on him, sufficiently alleges that the boundaries of the two acres have been definitely fixed, and he need not set out in the complaint the various acts constituting performance.

It is not reversible error to deny an unnecessary amendment to the complaint.

The courts do not look with favor on an objection made to a complaint at the time of the trial on the ground that it fails to state facts constituting a cause of action.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Henry Stenson and another against August Elfmann and another. From a judgment for defendants and from an order denying a new trial, plaintiffs appeal. Reversed.

*Amos N. Goodman,* for appellants.

If any defense constitutes a counterclaim it must be replied to or will be taken as true; while the allegations of new matter in the answer not in the effect a counterclaim, is deemed to be controverted upon a "direct denial" or "avoidance," but not otherwise. Code of Civil Pro. § 145. Estoppel must be pleaded, and may be pleaded in the reply. Parliman v. Young, 2 Dak. 175, 4 N. W. 139, 16 Cyc. 810; Paxton Cattle Co. v. First Nat. Bank, 33 N. W. 271; Carnahan v. Brewster, 96 N. W. 590; Chesapeake & N. Ry. v. Speakman, 63 L. R. A. 193. One who pleads to the merits without demurring to the complaint impairs his right to question the sufficiency of the complaint by an objection to the reception of evidence. Strait v. Eureka, 17 S. D. 326, 96 N. W. 695; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Anderson v. Alsette, 6 S. D. 566, 62 N. W. 435. Where plaintiffs have fully performed their portion of the contract and are in possession of the premises sought to be conveyed, have made improvements and expenditures; and the defendants have performed all their portion of the contract except that of giving the deed and to accept the mortgage which is offered by the plaintiffs. Under such circumstances specific performance will be decreed. 26 Am. & Eng. Ency. Law, 2d Ed., 29, 42 and 50; Kettering v. Eastlack et ux., 8 Am. & Eng. Ann. 357 (130 Iowa 498) and notes, 359. If the pleading on the part of the plaintiff state facts that he should, or can be made to do so by amendment, the court will proceed to determine the issues involved and grant such relief as the respective parties are entitled to, whether it be legal or equitable, or it may be entirely different from that prayed for, if consistent with the facts proven at the trial. And although the court might not decree specific performance of the contract, it will retain the cause and assess such damages as the plaintiff has shown himself to have sustained, or to grant such other relief as the evidence warrants; and especially so under a prayer for general relief. 26 Am. & Eng. Law, 2d Ed., 85; 4 Ency. Pl. & Pr. 557; 16 Ency. Pl. & Pr. 787; 16 Ency. Pl. & Pr. 796 and 797; Morgan v. Bell, 16 L. R. A. 614, and Notes—"General Jurisdiction Over Damages," 16 L. R. A. 615.

*L. T. Van Slyke,* for respondent.

Amendments to answers are treated with greater liberality than amendments to complaints. 1 Ency. of P. & P. 518. The form of the agreement required by the statute of frauds is not material, but it must state the contract with reasonable certainty, so that the substance of it may be understood from the writing itself without having recourse to parole proof. Panley v. Ogden, 3 American Decisions 509. Specific performance of a contract is decreed as a matter of favor rather than a strict legal right, and if any of its material terms be uncertain, such extraordinary relief in equity must be withheld. Pomeroy on Contracts, Section 159; Horner v. Woodland, 88 Md. 511, 41 Atl. 1079; McKibbin v. Brown, 14 N. J. Eq. 1.

CORSON, J. This is an appeal by the plaintiffs from a judgment entered in favor of the defendants and from the order denying a new trial. The action was instituted by the plaintiffs to enforce the specific performance of a contract for the sale of a certain tract of land in Brown county. An answer was served and filed by the defendants denying each and every allegation alleged in the complaint, and setting up a number of defenses to the plaintiffs' action, but no counterclaim was interposed on their part. The plaintiffs filed a reply to the defendants' answer, setting up several matters that they claimed as constituting an estoppel, which reply, on motion of the defendants, was stricken out by the court. At the commencement of the trial the defendants objected to any evidence being given by the plaintiffs, under the complaint, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Thereupon the plaintiffs moved the court for leave to amend their complaint, which was denied by the court, and the objection to any evidence being given under the complaint was sustained, and judgment thereupon entered in favor of the defendants. The errors assigned are the rulings of the court in striking out plaintiffs' reply, in refusing plaintiffs leave to amend their complaint, in sustaining the objection of the defendants to plaintiffs' complaint, and in entering judgment for the defendants.

As before stated, the plaintiffs filed and served a reply setting up certain matters of estoppel on the part of the defendant Eliza-

beth Elfmann, and alleging that, by reason of said acts of estoppel, the said Elizabeth Elfmann was bound by the contract notwithstanding her failure to sign the same as a party thereto. The grounds of said motion, among other things, were that said reply is redundant, immaterial, and surplusage, and that it does not contain a statement of new matter constituting a counterclaim. This motion, as before stated, was granted by the court, and the reply stricken from the record. We are of the opinion that the court committed no error in striking out the same, as no counterclaim was pleaded by the defendants. Section 130 of the Code of Civil Procedure provides that: "When the answer contains new matter constituting a counterclaim, the plaintiff may, within thirty days, reply to such new matter, denying generally or specifically each allegation controverted by him. * * * And in other cases, when an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's motion, require a reply to such new matter; and in that case, the reply shall be subject to the same rules as reply to a counterclaim." It will be observed that, by the provision of the section above quoted, no reply is permissible except to a counterclaim interposed by the defendant, unless the court, on motion of the defendant, requires a reply to be filed to any one or more of the defenses interposed by him. The contention of the appellants that the plaintiffs had a right to file a reply setting up matters of estoppel as against the defendant Elizabeth Elfmann, is therefore not tenable. The court, therefore, committed no error in granting defendants' motion.

It appears from the record that, after the objection of the counsel objecting to any evidence under the complaint and before the court had ruled on such ojbection, the plaintiffs moved for leave to amend their complaint showing that the two acres spoken of and mentioned in the contract had been definitely located by adding to the complaint the following allegation: "That the said two-acre tract mentioned in said contract has since the execution thereof, and under date of the 17th day of May, A. D. 1909, been definitely located by mutual consent of the parties hereto, and in the northeast corner of the premises described in said contract;

that the possession of the remainder of the said described premises has been delivered to, and is now in, the plaintiffs in this action; that the plaintiffs have had, since the 28th day of April, A. D. 1909, and yet have, the possession and control of said described premises, less the two acres therein mentioned, as definitely located, and all pursuant to the terms of said contract;". and, further, "that said two-acre tract was definitely located under date of the 17th day of May, A. D. 1909, by the platting of said described premises and the platting of said two-acre tract as lot 'A,' in block 1, situate in the northeast corner of said described premises." Whereupon the defendants interposed the following obections: "Objected to for the reason it is not the contract sued upon, and for the further reason that it would call for oral testimony, and improper under any circumstances in this case."

In order to properly understand the questions presented on plaintiffs' motion for leave to amend their complaint and the objection that the complaint did not state facts sufficient to constitute a cause of action, it will be necessary to set out the complaint in full with the exception of the alleged contract, a copy of which is made a part of the complaint, except a portion thereof that will be hereinafter particularly referred to. The complaint is as follows: "The plaintiffs Henry Stenson and C. R. Munson complain of the defendants August Elfmann and Elizabeth Elfmann, and allege that on or about the 28th day of April, A. D. 1909, the defendants, being the owners of in fee, and seised and possessed of the following described real property, situate in the county of Brown and state of South Dakota, to-with: All that portion of the west half (W.½) of the west half (W.½) of the northeast quarter (N. E. ¼) of section twenty-three (23), in township one hundred twenty-three (123) north, in range sixty-four (64) west, of the fifth principal meridian, containing twenty-five acres or more, lying and situate north of the right of way of (the) M. & St. L. railroad; except, however, two (2) acres in the northeast corner of said described premises, and on said day granted, bargained, and sold the same to the plaintiffs, pursuant to the terms of the written contract. [Here follows contract.] The plaintiffs further allege that on or before the 28th day of July,

A. D. 1909, and within 90 days after the date of said contract, these plaintiffs fully paid the full amount due at that time under said contract, and offered the defendants a mortgage for the unpaid portion of said contract price, and demanded a deed from said defendants conveying said premises, all pursuant to the terms of said contract; that the plaintiffs have, within the time required, performed all the conditions of said contract incumbent upon them within the 90 days mentioned therein, and has offered to secure the payment of the residue of said purchase price by mortgage on the premises pursuant to the terms of said contract, upon the execution and delivery of the deed required in said contract, by the said defendants; that the said defendants accepted the payments aforesaid from the plaintiffs, but refused, and still refuse, to execute and deliver such conveyance, and refused, and still refuse to accept a mortgage on the premises to secure the payment of the residue of said purchase price as agreed in said contract. The plaintiffs further allege that, upon the execution and delivery of said contract, the defendants, each and both of them, delivered the possession of said premises to the plaintiffs pursuant to said contract; that these plaintiffs have continued in possession of the same with the assent of the defendants from that time until the present; that the plaintiffs during their occupancy of said premises under said contract and with the acquiescence and assent of said defendants have made lasting and valuable improvements thereon; that these plaintiffs have caused the said premises to be subdivided and platted as an addition to the city of Aberdeen, in the county and state aforesaid, at great cost to these plaintiffs; that plaintiffs have expended large sums of money in improving said premises, and preparatory to having the same annexed to the said city of Aberdeen as an addition thereto, and all with the full knowledge and assent of these defendants, and while so possessed under said contract. The plaintiffs further allege that they have been at all times, and yet are able, ready, and willing to comply with the terms of said contract; that there is yet due these defendants the sum of $6,-093.75; that said amount is the same for which said mortgage was to be given as security for the payment thereof; that these

plaintiffs have been at all times, and still are, ready to execute such mortgage, and now offer to do the same, upon the execution and tender of said deed by the defendants. Yet the defendants have refused, and still refuse, to execute said deed and accept said mortgage, and to the damage of the plaintiffs. Wherefore, the plaintiffs pray that said defendants may be ordered and compelled to execute and deliver to the plaintiffs a good and sufficient warranty deed conveying said premises to these plaintiffs, and to accept security for the payment of said $6,093.75, by mortgage upon the premises; that, in case the defendants cannot convey said premises and accept said mortgage pursuant to the terms of said contract, the plaintiffs may have and recover of the defendants, each, every, and all of them, judgment in the sum of $15,000; that the plaintiffs may have such other and further relief in the premises as equity may require and to the court may seem meet, and for their costs rightfully sustained in this action."

It appears, by the contract made a part of the complaint, that, in consideration of the sum of $13,800 to be paid as thereinafter specified, the defendants "granted, bargained, sold and agreed to convey" to the said plaintiffs the tract of land hertofore described in the complaint. By the terms of said contract it was understood and agreed that the said sum of $13,800 should be paid as follows: $2,400 cash, and $5,000 on or before 90 days after the date thereof, and the residue of the purchase price should be paid by a mortgage on the property therein specified. It was further understood and agreed that after the payment of the full amount of $7,400, and at the expiration of 90 days from the date of said contract, the said defendants agreed to execute and deliver to the said plaintiffs a good and sufficient warranty deed, conveying said premises free and clear of all incumbrances, and to pay the residue of the said purchase price; that the said plaintiffs agreed to execute and deliver at the time of the delivery of the deed herein mentioned their note and mortgage bearing date of 90 days after the date thereof in the full sum of the amount remaining unpaid on said date, and payable in the city of Aberdeen at the expiration of one year from the date thereof, with interest at the rate of 6 per cent. per annum, payable annually. It was further under-

stood and agreed that the said plaintiffs might sell any portion of the above-described premises in subdivisions at any time thereafter and on such terms as to them might seem best; that, in case of such sale, the said plaintiffs should pay the defendants a price equal to the pro rata price per acre of the said described premises, which said payment should be first credited upon and considered as a part of the $5,000 above mentioned until the whole thereof is paid, and the defendants agreed to execute and deliver to the party so purchasing a good and sufficient warranty deed conveying said subdivisions free and clear of any and all incumbrances. It was further agreed that the defendants should furnish an abstract showing a clear title to the premises, and it was further understood and agreed that, in case the $5,000 should not be paid at the expiration of 90 days from the date of said contract, the said contract should be terminated, and thereupon all the rights, interests, and equities of the respective parties should cease, and cash payments made thereunder should become the property of August Elfmann as liquidated damages for breach of the agreement. It was further stipulated and agreed that the two acres excepted should be nearly square, and embrace the residence and buildings occupied by the said defendants, and to be definitely located at or before the execution of the deed therein mentioned. This contract was signed by August Elfmann and Henry Stenson and C. R. Munson, but was not signed by Elizabeth Elfmann, though her name appears in the body of the contract as a party thereto.

It will be observed that the plaintiffs allege in their complaint "that on or before the 28th day of July, A. D. 1909, and within 90 days after the date of said contract," they paid the full amount due at that time under said contract, and offered the defendants a mortgage to pay the residue of said portion of the said contract price, and demanded a deed from said defendants, but that the defendants refused to execute said deed. It will be noticed that it is alleged in the complaint that, upon the execution and delivery of said contract, the defendants, each and both of them, delivered possession of said premises, except the two acres mentioned, to the plaintiffs pursuant to said contract; that

these plaintiffs have continued in possession of the same with the assent of the defendants; that the plaintiffs, during their occupancy of said premises under said contract and with the acquiescence and assent of said defendants, have made lasting and valuable improvements thereon; that these plaintiffs have caused the said premises to be subdivided and platted as an addition to the city of Aberdeen, at great cost to them; that plaintiffs have expended large sums of money in improving said premises preparatory to having the same annexed to the said city of Aberdeen as an addition thereto, and all with the full knowledge and assent of these defendants, and while so possessed under said contract. Of course, for the purpose of considering the objection made to the complaint that it does not state facts sufficient to constitute a cause of action, all of the facts alleged must be assumed to be true.

It is contended by the plaintiffs and appellants that, under these allegations of the complaint, they were entitled to enforce the contract, not only as against August Elfmann, but also as against the wife, Elizabeth Elfmann, notwithstanding she had not signed the contract; that the facts alleged show that both defendants had delivered the possession of the property to the plaintiffs; that the plaintiffs had paid $7,400 of the purchase price, and had expended large sums of money in improving the property and surveying and platting the same preparatory to its annexation to the city of Aberdeen as an addition thereto, with the full knowledge and assent of the defendant Elizabeth Elfmann, as well as August Elfmann; and that the complaint stated facts entitling the plaintiffs to the specific enforcement of the contract as against the wife as well as the husband. We are of the opinion that the plaintiffs are right in their contention. The objection made to the complaint by the defendants that it is not therein alleged what improvements were made and the value of such improvements is not tenable, as the omission to state the nature and value of the improvements could have been supplied by motion on the part of the defendants requiring the plaintiffs to make these allegations more definite and certain. While under the statutes of frauds in this state contracts for the sale of real

property must, under ordinary circumstances, be in writing, yet, where there has been a partial performance of the contract on the part of the purchaser by the payment of a part of the consideration, possession given to the purchaser, and valuable improvements made by them, the contract will be enforced, though not contained in any writing. By section 1311 of the Civil Code, it is provided as follows: "No agreement for the sale of real property, or of an interest therein, is valid unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or his agent thereunto authorized in writing; but this does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof." It will be observed that by the terms of this section the specific enforcement of a contract for the sale of property where there has been a part performance is recognized as part of the law of this state. Under the rules established by the courts of equity, verbal contracts accompanied by part performance are enforced by those courts notwithstanding the contract may not be in writing.

Mr. Pomeroy, in his work on Equity Jurisprudence (volume 4 [3d Ed.] § 1409), states the rule in equity as follows: "The doctrine was settled at an early day in England, and has been fully adopted in nearly all the American states, that a verbal contract for the sale or leasing of land, or for a settlement made upon consideration of marriage, if part performed by the party seeking the remedy, may be specifically enforced by courts of equity, notwithstanding the statute of frauds. The ground upon which the remedy in such cases rests is that of equitable fraud. It would be a virtual fraud for the defendant, after permitting the acts of part performance, to interpose the statute as a bar to the plaintiff's remedial right. The acts of part performance, therefore, in order to satisfy this principle, must be done in pursuance of the contract, and must alter the relations of the parties. The most important acts which constitute a sufficient part performance are actual possession, permanent, and valuable improvements, and these two combined." The learned author in a note to the section says: "If the defendant knowingly permits the plaintiff to

do acts in part performance of the verbal agreement, acts done in reliance on the agreement which change the relations of the parties and prevent a restoration to their former condition, it would be a virtual fraud for the defendant to interpose the statute as a defense, and thus to secure for himself the benefit of the acts of part performance, while the plaintiff would be left not only without adequate remedy at law, but also liable for damages as a trespasser. * * * The important acts which do constitute a sufficient part performance are actual, open possession of the land, or permanent and valuable improvements made on the land, or these two combined." And the learned author cites a large number of authorities in support of the doctrine stated by him. The rule thus adopted was applied by this court in the case of Stewart v. Tomlinson, 21 S. D. 337, 112 N. W. 849. In view of the fact that the doctrine as thus stated by Mr. Pomeroy was fully adopted by this court in the case of Stewart v. Tomlinson, supra, we do not deem it necessary to cite further authorities in this opinion. The facts alleged in the complaint clearly bring the case at bar within the rule as stated by Mr. Pomeroy and within the case of Stewart v. Tomlinson, above cited. Had there been no written contract in this case, but the contract, as is alleged, been made verbally by the defendants, the plaintiffs, under the allegations of the complaint, would clearly have been entitled to the specific enforcement of the verbal contract, and, while the defendant Elizabeth Elfmann did not execute the alleged written contract, we are clearly of the opinion that she is bound by the same under the allegations of the complaint. If, as alleged in the complaint, she, in connection with her husband, delivered the possession of the premises to the plaintiffs, received with him a large share of the purchase money paid by the plaintiffs, knew that the plaintiffs were making improvements upon the property, expending money thereon in preparing the same for annexation to the city of Aberdeen as an addition thereto, and assented to the expenditure of such money by the plaintiffs, and the making of such improvements by them, she cannot now be heard to say that she was not bound by the written contract for the reason

that she had not executed the same, assuming, of course, as we must, that the allegations of the complaint are true, that she and her husband contracted to sell the same to the plaintiffs pursuant to the terms of the written contract. Whether or not her failure to execute the contract with her husband was intentional or was caused by inadvertence or mistake does not appear from the complaint, but it does affirmatively appear therefrom that she had full knowledge of all the facts connected with the transaction, and that all of the payments and acts of the plaintiffs in the part performance of said contract were fully known to her and assented to by her, and the facts alleged, in effect, constitute at least a verbal contract on her part to execute the conveyance. The circumstances connected with the transaction were such that, if she did not intend to be bound by the contract, she should have made the fact known to the plaintiffs before they had paid the larger portion of the consideration money to her and her husband, and before they had made large expenditures thereon and should have withheld her assent to their taking possession of the same, and notified the plaintiffs of her dissent to the contract. Under the allegations of the complaint, therefore, it would be manifestly inequitable and unjust to permit her to avail herself now of the statute of frauds and thereby permit her to aid her husband in perpetrating a gross fraud upon the plaintiffs.

It is contended by the respondents that the description of the premises was insufficient to authorize a specific performance of the contract, for the reason that the boundaries of the two acres reserved to the defendants were not definitely described in the contract, but were to be subsequently fixed and determined by the parties making a description of the premises to be conveyed by the defendants definite and certain, is in our opinion untenable. It will be observed that the two acres reserved by the defendants was "to be definitely located at or before the execution of the deed" therein mentioned, and it is alleged in the complaint that "the plaintiffs have, within the time required, performed all the conditions of said contract incumbent upon them within the 90 days mentioned therein." This allegation, therefore, is, in effect, an allegation that the boundaries of the said two

acres had been definitely fixed and determined within the 90 days from the date of the contract. Section 139 of the Code of Civil Procedure provides: "In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance; but it may be stated generally that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading shall be bound to establish, on the trial, the facts showing such performance." It will be observed that by the provisions of this section it was not necessary for the plaintiffs to set out in their complaint the various acts constituting a performance of the said conditions, but that it was sufficient to allege generally "that the party duly performed all the conditions on his part." It will be further observed that the proposed amendment to the complaint was, in view of the section of the Code we have quoted, entirely unnecessary, and the court, therefore, committed no reversible error in denying the plaintiffs' motion to amend their complaint. The courts do not look with favor upon an objection made to a complaint at the time of the trial on the ground that it fails to state facts sufficient to constitute a cause of action. Such an objection was very fully considered and discussed by this court in the case of Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057, and the law as laid down in that opinion has been generally followed by this court and may be regarded as the settled law within this jurisdiction, and we do not deem it necessary to enter upon a further discussion of this subject. Anderson v. Alseth, 6 S. D. 566, 62 N. W. 435; Strait v. City of Eureka, 17 S. D. 326, 96 N. W. 695.

Our conclusion is therefore that the court erred in sustaining the defendants' objection to the introduction of any evidence under the complaint, and the judgment and order denying a new trial are therefore reversed.