STURTZ, Respondent, v. OMMEN, Appellant.

(143 N. W. 288.)

1. **Specific Performance—Exchange of Property—Complaint—Ownership of Property.**

Where, in a suit for specific performance of a contract for exchange of real property, the complaint alleged that complainant had, in compliance with written contract set forth, procured abstracts of title to the lands by him to be conveyed, showing merchantable title to the realty, and has prepared and executed all proper deeds conveying the lands to defendant, and that he brought his deeds into court, in accordance with the contract, such averments are sufficient allegations of ownership of the lands by plaintiff, as against a general demurrer.

2. **Same—Conveyance—Deed by Third Person—Pleading.**

Where deeds to realty to be exchanged with defendant, plead and offered by plaintiff, conveyed a marketable title, it was immaterial that they were executed by a third person and not by plaintiff.

3. **Same—Complaint—Description.**

Where, in a suit for specific performance of a contract for exchange of land, the contract and the prayer for relief in plaintiff's complaint described defendant's property as the south half "and" the northwest quarter of a section, the fact that the first paragraph thereof described it as the south half "of" the northwest quarter did not render the complaint demurrable, as the use of the preposition for the conjunction would be regarded as a palpable clerical error.

4. **Same—Complaint—Performance of Conditions—Tender.**

A complaint for specific performance of contract for exchange of realty alleged that, on presentation of an order for the money plaintiff had agreed to pay, he paid same; that plaintiff tendered all proper deeds to the land to be conveyed, with balance of the money to be paid; that he had at all times been ready to perform, and brought his deeds, and money into court, together with abstracts of title to all lands involved showing merchantable title free of all incumbrance save a mortgage for $2100, which defendant had agreed to assume, and tendered complete performance; and that, upon demand, defendant had refused and still refuses to furnish abstracts and deeds to his land without fault of plaintiff. **Held,** a substantial allegation that plaintiff had performed all the conditions of the contract on his part to be performed, as against a general demurrer.

5. **Same—Right to Relief—Complaint, Sufficiency of—Matters of Defense.**

Under Civ. Code, Sec. 2345, providing that specific perform-
ance will not be enforced if defendant has not received ade-
quate consideration, if it is not as to him just and reasonable,
if his assent has been obtained by misrepresentation, etc., or
was given under influence of mistake, etc., a complaint is not
demurrable for failure to show affirmatively that consideration
for an exchange was adequate, and that the contract as to
defendant was just and reasonable; such requirements being
matters of defense.

McCoy, J., concurring in the result.

(Opinion filed October 7, 1913.)

Appeal from Circuit Court, Brule County. Hon. FRANK B.
SMITH, Judge.

Action by George W. Sturtz against Peter Ommen, for spe-
cific performance of a contract for exchange and conveyance of
realty. From an order overruling defendant's demurrer to the
complaint, he appeals. Affirmed.

*Brown & Brown,* and *J. E. House,* for Appellant.

The amended complaint does not state facts sufficient to
constitute a cause of action, because it does not allege title in the
plaintiff. Freeman v. Stokes, 12 Phila. (Pa.) 219; DeFord v.
Hyde, 10 S. D. 386.

It does not allege title in the defendant to the premises
which plaintiff alleges defendant should convey under the terms
of the contract. 20 Enc. Pl. & Pr. 451, and cases cited; Abbott's
Brief on the Pleadings, Vol. 1 p. 661.

Plaintiff fails to allege that the defendant is the owner of the
south half of section seven and the north half of the northwest
quarter of section seven.

It fails to allege performance or tender on the part of the
plaintiff. 20 Enc. Pl. & Pr. 452 ff; 36 Cyc. 778.

There is no allegation of facts which would tend to excuse
the plaintiff from performing or offering to perform the contract
on his part. He therefore must show performance or tender of
performance. 3 Rand. 228, cited in Bruck v. Tucker, 42 Cal.
346; 36 Cyc. 778; Abbott's Brief on the Pleadings, Vol. 1, 661.

It fails to state the time at which plaintiff tendered his ab-
stracts and deeds. There is no allegation as to the time when this
tender of $40.00 as balance, was made.

In the absence of any definite provision relative thereto in

the contract, the plaintiff is bound to allege that the interest on the mortgage was paid up to the time when his tender was made.

The defendant "is to have an extension on said $2,100 mortgage for at least five years." The complaint contains no allegation concerning such an extension.

"Possession to be given by both parties on or before March 1st, 1912." The complaint contains no averment that the plaintiff ever tendered to the defendant possession of the property. Benson v. Shatwell, (Cal.) 25 Pac. 249.

Section 2345 Civil Code provides: "Specific performance cannot be enforced against a party to a contract in any of the following cases:

1. If he has not received an adequate consideration for the contract.

2. If it is not, as to him, just and reasonable."

The plaintiff cannot win if the defendant has not received an adequate consideration for the contract, or if it is not as to him, just and reasonable. Plaintiff should allege these matters in his complaint. Agard v. Valencia, 39 Cal. 292; Herzog v. Atchinson, Topeka & Santa Fe R. R. Co., (Cal.) 95 Pac. 898.

*Chas. D. Howe,* and *Frank E. Gill (James McNenny* of Counsel), for Respondent.

The complaint does allege title in the plaintiff. Ford v. Hyde, 10 S. D. 386, 73 N. W. 265; 20 Ency. Pl. & Pr., 450, 451; 36 Cyc. 782.

The substitution of the word "of" for the word "and" in the first paragraph of the complaint is a clerical error. Civil Code, Sec. 150; Dreyer v. Goldy, 62 Ill. App. 347, and cases cited.

The complaint alleges performance and tender on the part of the plaitniff.

The point that it is not shown in the complaint that the interest was paid on the $2,100 mortgage is not tenable. The mortgage was not to draw interest. There is no presumption that any interest had accrued, and if there was any unpaid interest under the contract and complaint, it would be a proper matter for answer.

The complaint is not insufficient as not alleging that the consideration was adequate. The reported cases in California cited

by appellant upon the subject, are not supported either by reason or authority.

As sustaining the complaint, we cite: The Supreme Court of Montana, in the case of Finlen v. Heinze, 73 Pac. 123; Phelan v. Neary, 117 N. W. 142; Waite v. Kern River, etc., 106 Pac. 98.

There is nothing upon the face of the complaint to indicate that the mortgage will be due at any time within five years. And in paragraph six the plaintiff alleges that he has always been ready and willing to perform said contract, and now offers to do so. He says in his complaint that he is ready and willing to perform his part of the contract, and even though it might become necessary to secure an extension in order to give the defendant his full five years, still, if the plaintiff is standing in court ready and willing to do it whenever the defendant says the word, it is all the defendant can ask. Lee v. Electric Typographic Union, 68 Fed. 519; Jenkinson v. City of Vermillion, 3 S. D. 238, 52 N. W. 1066.

The complaint in paragraph five alleges that the tender of possession was made in compliance with the written contract.

GATES, J. Appeal from an order overruling defendant's general demurrer to the amended complaint. The amended complaint is as follows: "(1) That at all times hereinafter mentioned the defendant, Peter Ommen, was and now is a resident of the county of Brule and state of South Dakota, and owner in fee of the following described real estate, to-wit: The southeast quarter of section one (1) in township one hundred five (105) north, of range seventy-one (71) west of the 5th P. M., and the south half (S. ½) of the northwest quarter (N. W. ¼) of section seven (7) in township one hundred five (105) north, of range seventy (70) west of the 5th P. M. (2) That on or about the 13th day of November, 1911, the plaintiff and defendant herein entered into a written agreement, whereby the said defendant agreed to sell and convey to this plaintiff the above-described land, a copy of which said written agreement is hereto attached, marked 'Exhibit A,' and made a part hereof, the same as if at length and fully herein set forth. (3) That on or about the 14th day of November, 1911, the said Peter Ommen made, executed, and caused to be delivered to one Peter Johnson his certain written order, whereby the said Peter Ommen requested and directed this

plaintiff to pay to the said Peter Johnson the sum of $500.00, as and for a partial payment of the cash payment consideration to be by him paid to the said Peter Ommen under the terms and conditions of their said written contract Exhibit A. (4) That afterwards, and on or about the 15th day of November, 1911, the said Peter Johnson, the holder of the aforesaid order, presented to this plaintiff the said written order for acceptance and payment, and plaintiff did then and there accept the same, and did then and there pay to the said Peter Johnson the sum of $500.00, as and for a part payment of the money by him agreed to be paid as a part of the purchase price under the terms and conditions of the contract Exhibit A as aforesaid, and defendant herein has kept and retained and has had the use and benefit of the said cash payment, and now holds and retains the same as a part performance by plaintiff of their said contract Exhibit A. (5) Plaintiff alleges and avers that he has, in compliance with the said written contract of purchase and sale, procured abstracts of title to all the lands by him to be conveyed, showing a merchantable title to said real estate, and that same is free and clear of all incumbrance, except a mortgage for twenty-one hundred dollars ($2,100), which said defendant agreed to assume, and has prepared and duly executed all proper deeds conveying the said lands to the said defendant, and has tendered and offered to deliver the same to the defendant together with the sum of forty dollars ($40.00) in money, being the balance of the cash payment remaining unpaid, and did demand of the defendant that he comply with the terms and conditions of said written contract of agreement Exhibit A. (6) That the plaintiff has at all times been ready and willing to so perform said contract, and now offers to do so, and for this purpose brings into this court abstracts of title to said real estate by him to be conveyed, his deeds of conveyance, and forty dollars ($40.00) in money, being the balance of the cash payment to be by him paid, all in accordance with the provisions of the said contract Exhibit A, for the use and benefit of the said defendant, and tenders the same to the said defendant as and for a full and complete performance of each and every of the conditions, terms, stipulations, and agreements to be by this plaintiff kept and performed under said contract Exhibit A. (7) That, though demand has been made upon defendant for the

abstracts and deeds to the land which was to be by him conveyed to this plaintiff under the terms of the aforesaid contract Exhibit A, the said defendant has refused and still refuses to furnish this plaintiff with an abstract of title, and to execute and deliver to this plaintiff deeds of conveyance to the said land, and all without fault of the plaintiff or just reason therefor. Wherefore, plaintiff demands judgment against defendant; that the defendant be required to execute a deed of conveyance for the said southeast quarter (S. E. ¼) of section one (1) in township one hundred five (105) north, of range seventy-one (71) west of the 5th P. M., and the south half (S. ½) *and* the northwest quarter (N. W. ¼) of section seven (7) in township one hundred five (105) north, of range seventy (70) west of the 5th P. M., and deliver the same, together with abstract of title to said land showing merchantable title, to this plaintiff, and, if the defendant refuses to execute such conveyance within a time to be fixed by the court, that a commissioner be appointed by the court to carry out the terms of the said contract, and to execute a conveyance on the part of the defendant for the land described, and that plaintiff have his costs and disbursements in this action."

Exhibit A, made a part of the complaint, is as follows:

"This agreement made and entered into this 13th day of November, 1911, by and between Peter Ommen, of Chamberlain, South Dakota, party of the first part, and George W. Sturtz, of Sioux City, Iowa, party of the second part, witnesseth: That said first party has this day sold and agrees to convey by good and sufficient warranty deed the southeast quarter of section one (1), township one hundred five (105) range seventy-one (71) and the south half *and* the northwest quarter of section seven (7), township one hundred five (105), range seventy (70), all in Brule county, South Dakota, and to furnish abstract showing good and merchantable title to said land, and same to be free and clear of all liens and incumbrances. For and in consideration of said land, said George W. Sturtz hereby sells and agrees to convey to said Peter Ommen lots one (1) to thirty-five, inclusive, in block one (1), Davelaars subdivision of lots nine (9) and ten (10), and lots seven (7), Sunnyside addition to Sioux City, Iowa, and lot twelve (12) in block five (5), Davis addition to Sioux City,

Iowa,, and the middle fifty (50) feet of lots one (1) and two (2) in block eleven (11), Davis addition to Sioux City, Iowa, as full and complete payment for said land above described, except a loan of $2,100.00 now on first described property in Sunnyside addition, which said Peter Ommen assumes and agrees to pay; there being a cash difference, however of $540.00 coming to said Peter Ommen, which said Sturtz is to pay him in cash at the time of closing the deal. Peter Ommen is to have an extension of said $2,100.00 mortgage, for at least five years. This contract is binding on both parties hereto, except that said Sturtz has five days from this date in which to look at said land, and, in case he is suited with it, this deal is final and closed. Both parties to furnish abstracts showing merchantable title, and deeds to be passed, and deal closed within sixty days from this date. Possession to be given by both parties on or before March 1st, 1912. [Signed] Peter Ommen. [Signed] George W. Sturtz.

"I George W. Sturtz, have this day inspected the 632 acres of land described in above contract, and have accepted same, and said Peter Ommen hereby acknowledges such acceptance, and this contract is now in full force and effect. [Signed] George W. Sturtz. [Signed] Peter Ommen."

The grounds of insufficiency of the complaint claimed by appellant are as follows: (1) That it does not allege title in the plaintiff of the property plaintiff is to convey. (2) That it does not allege title in defendant of the property defendant is to convey. (3) That it does not allege performance or tender on the part of plaintiff; (a) because no time of tender of abstract and deeds is alleged; (b) because there is no allegation of time of tender of the $40, and, if tendered after the 60-day period, then interest on the $40 should be tendered; (c) because there is no allegation of payment or tender of the accrued interest on the $2,100 mortgage; (d) because there is no allegation that the mortgage was extended to run five years; and (e) because there is no allegation of tender of possession of the premises. (4) That it does not show upon the face of the complaint that the contract sought to be specially enforced is just and reasonable, and the consideration adequate.

[1] 1. Although plaintiff does not in so many words allege that he is the owner of the premises by him to be conveyed, yet

we are of the opinion that such fact sufficiently appears, as against a general demurrer, by the allegations of paragraph 5 and 6 of the complaint. It will be noticed that in paragraph 5 it is alleged that "he * * * has prepared and duly executed all proper deeds conveying the said lands to the defendant," and that in paragraph 6 it is alleged that he brings into court "his deeds of conveyance." While the complaint may be subject to a motion to be made more definite and certain in this respect, we do not think it demurrable. We think the allegations of these paragraphs bring the case upon this point substantially within the facts shown in De Ford v. Hyde, 10 S. D. 386, 73 N. W. 265.

[2] Again, the complaint shows that deeds conveying a good title to defendant had been executed and tendered. What difference does it make to defendant who the grantor is, so long as he gets a merchantable title? Even if the title is not in the plaintiff, it is, by allegations of the complaint, under plaintiff's control, and that should be sufficient at least as against a demurrer to the complaint.

[3] 2. The second objection is extremely technical. In the contract and in the prayer for relief a part of defendant's property is described as the S. ½ *and* the N. W.¼ of section 7, while in paragraph 1 of the complaint it is described as the S. ½ *of* the N. W. ¼ of section 7. The use of the word "of" in paragraph 1 of the complaint is so palpably a clerical error that might be corrected even after judgment that no further consideration should be given to this objection.

[4] 3. The five objections under the third head may be disposed of together. It is conceded by appellant that, if the complaint had specifically alleged that plaintiff had duly performed all the conditions on his part to be performed, in accordance with the provisions of section 139, C. C. P., then there would be no force in these five objections. Under the reasoning in De Ford v. Hyde, 10 S. D. 386, 73 N. W. 265; and Stenson v. Elfmann, 26 S. D. 134, 128 N. W. 588, and Beddow v. Flage, 22 N. D. 53, 132 N. W. 637, we think the allegations of paragraphs 3, 4, 5, 6, and 7 of the complaint amount to a substantial allegation that plaintiff has done these things, and that, as against a demurrer, the complaint sufficiently alleges performance and tender by plaintiff.

[5] 4. By the fourth objection, appellant claims that the complaint must show affirmatively that the consideration for the contract is adequate, and that as to the defendant the contract is just and reasonable. Section 2345 of the Civil Code is as follows: "Specific performance cannot be enforced against a party to a contract in any of the following cases: 1. If he has not received an adequate consideration for the contract. 2. If it is not, as to him, just and reasonable. 3. If his assent was obtained by misrepresentation, concealment, circumvention, or unfair practice of any party to whom performance would become due under the contract, or by any promise of such party which has not been substantially fulfilled; or, 4. If his assent was given under the influence of mistake, misapprehension, or surprise, except that where the contract provides for compensation in case of mistake, a mistake within the scope of such provision may be compensated for, and the contract specifically enforced in other respects, if proper to be so enforced." In support of this contention certain California cases are cited. If appellant's contention is right, then the complaint must also affirmatively show that the defendant's assent to the contract was not obtained by misrepresentation or other unfair practice, and that it was not given by mistake, misapprehension, or surprise. This reasoning would also require the complaint to allege that both parties were of mature age at the time of the contract, and not under mental or other disability. Of the California decisions on this point, Mr. Pomeroy says, in 36 Cyc. 776: "But in Montana the inadequacy of the consideration is with more reason treated as matter of defense." In considering the section of the Montana Code which is identical with our section 2345, Civ. Code, the Supreme Court of Montana said in Finlen v. Heinze, 28 Mont. 548, 73 Pac. 123: "The evident meaning of this section is that any one of these subdivisions furnishes a defense to an action for specific performance; in other words, when specific performance is sought against a party, he may interpose any one of the defenses named above, and, if he can maintain it, he defeats the action." We fully agree with the soundness of the rule announced by the Montana court.

Finding no error in the record, the order appealed from is affirmed.

McCOY, J., concurs in the result.